PETER ROBERTS, Respondent, *v.* DAVID M. ROBERTS, Appellant.

(GENERAL TERM, FOURTH DEPARTMENT, MAY, 1872.)

The right to enter upon the servient estate for the purpose of repairing a structure to which it is subject as an easement, attaches to the dominant estate.

So *held*, where, by conveyance of a part of a tract of land, openly and visibly benefited by a ditch on the remainder, an easement in the ditch, passed to the grantee.

It seems, however, that the burden imposed cannot be made greater than it was at the time of the conveyance.*

Planking and erections put up on the servient estate with consent and assistance of the servient owner, to prevent escape of water from the ditch upon the dominant estate, will not, in the absence of proof, be assumed to increase the flow of water on to the servient estate in an action to restrain the servient owner from removing them; nor are the planks and erections presumptively more injurious than the ditch at the time of the grant.

THIS was an appeal by the defendant from a judgment entered for the plaintiff upon the decision of the court.

Silas G. Roberts prior to the 19th January, 1867, owned a farm situate in the town of Nunda, in the county of Livingston, consisting of 104 acres of land. The Kishequa creek ran across the farm in a westerly course, and its waters at high water overflowed a part of it. To remedy this and to drain a small pond on the land, he dug, some eighteen years prior to the action, a ditch from the creek across his farm, so as to carry off the water and drain the low land. The earth taken out of the ditch was put on either bank, and by these banks the water was prevented from flowing on the low land north of the ditch. He also erected a fence on the north bank of the ditch, and in 1867 conveyed all of the land north of the fence to the plaintiff and all the land south of it to the defendant.

In 1868 there was a freshet and the waters overflowed the

* See *Beals* v. *Stewart* (6 Lans., 408).

ditch, and washed away its banks, and flowed on to plaintiff's
land, doing it considerable damage.   After the water subsided
the plaintiff made embankments on the bank of the ditch,
with the consent and approval of the defendant; at one place
putting in stakes and nailing planks to them, so as to effectu-
ally stop the flow of the water from the ditch on to his land.
At the time these planks were put in, the water had ceased
to run along the ditch, but flowed on to the land of the
plaintiff.

In the spring of 1870 the defendant removed the plank so
put into the bank, and also destroyed other barriers, erected
to prevent the flow of the water on to the plaintiff's land, and
threatened to remove any and all obstructions which might be
put on said bank.   This action was brought to restrain
the defendant from removing the erections on the banks
of the ditch to prevent the flow of water on to plaintiff's
land.

The court found the facts above stated, and, as matter of
law, decided that the ditch, by the acts of the parties, had
become, and was in legal effect, the lawful channel for the
water of the creek, and that defendant took his conveyance from
Silas G. Roberts subject to the rights of the parties to have the
ditch kept open and in repair for the discharge of the waters
of the creek at their ordinary height at all times; that the
plaintiff had the right, after the banks were washed away, to
restore them and prevent the flow of water on to his land,
and that plaintiff had also the right to remove, from the ditch,
any impediments therein to the flow of water, and to clear
out and repair the same; and that the removal of the erec-
tions, by the defendant, was an infringement of plaintiff's
rights; and the avowal of the purpose to continue to remove
such erections as should be thereafter placed, by plaintiff, on
the bank of the ditch, was a virtual denial of plaintiff's right,
to have the ditch kept open and in repair, and justified the
plaintiff in bringing the action.   A perpetual injunction was
thereupon ordered against the removal of such erections as
plaintiff might put up to prevent the flow of the water on to

Roberts v. Roberts.

his land, together with the costs of the action. The defendant appealed.

*F. C. Peck*, for the appellant.

*H. Chalker*, for the respondent.

Present—MULLIN, P. J., JOHNSON and TALCOTT, JJ.

MULLIN, P. J. The case of *Lampman* v. *Milks* (21 N. Y., 505) disposes of the merits of this case. It was held in that case that when the owner of land has by any artificial arrangement effected an advantage for one portion to the burdening of the other, upon a severance of the ownership the holders of the two portions take them respectively charged with the servitude, and entitled to the benefit openly and visibly attached at the time of the conveyance of the portion first granted. In that case, as in this, the owner of the land had diverted a stream of water through an artificial channel, so as to relieve a portion of it formerly overflowed, which he then conveyed. It was held that neither such owner nor his grantees of the residue could return the stream to its natural channel to the damage of the first grantee.

This case establishes the right of the plaintiff to have the water flow in the ditch and to have the ditch kept in the condition it was at the time of the grant. But it does not hold (as the question was not in the case) that plaintiff might enter on defendant's premises and repair the ditch. That precise point was decided by the Supreme Court of Massachusetts in *Thayer* v. *Payne* (2 Cush., 327).

In that case a drain from defendant's cellar extended on to plaintiff's land when the latter conveyed the house, &c., to the defendant. The drain becoming obstructed, defendant entered to repair it, and plaintiff sued in trespass for the unlawful entry. The court held the entry lawful.

The plaintiff could not make the burden imposed by the ditch any greater than it was at the time of the conveyance to the parties. At that time the judge finds that the ditch

Roberts *v.* Roberts.

was about five feet wide and of a depth of from one to six feet.

After the flood of 1868, which swept away the banks of the ditch, plaintiff, with the consent and assistance of defendant, put stakes into the bank and nailed planks to them in order to prevent the escape of water from the ditch. It is not found whether the planking and other erections put up since 1868 had the effect to increase the flow of water on to defendant's land.

If they did, the defendant had the right to remove them. Unless this fact is found affirmatively, we must assume that the erections of the plaintiff did not increase the flow on to defendant's land, especially as he aided in and consented to the putting in plank, &c., which he subsequently removed, and of which he now complains.

No stress is to be laid on the consent and aid given by defendant to putting plank, &c., by the plaintiff as being a license so to do and binding upon him as such. As a mere license it was revocable, and when revoked the rights acquired by plaintiff under it terminated.

But the consent and assistance of defendant are evidence that the erections of the plaintiff were not any more injurious to him than the ditch was at the time of the grant, and if not he had no right to destroy them.

The increase of the height of the planking does not necessarily increase the flow of the water on the defendant's land, as that result may be counteracted by the lowering of the bank at other points. If such was the necessary effect of it, it should have been proved, and the court should have been called upon to so find.

We cannot assume that the planking produced any additional injury to the defendant. The judgment should be affirmed.

Judgment affirmed.